## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEYOND PESTICIDES<br><br>      *Plaintiff*<br>vs.<br><br>TRUGREEN LIMITED PARTNERSHIP<br><br>      *Defendant* | Civil Case No.   20-cv-1083<br><br>[D.C. Superior Court Civil Action No. 2020-CA-001973 B] |

### NOTICE OF REMOVAL

Defendant TruGreen Limited Partnership ("TruGreen"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby notices the removal of the above-captioned action from the Superior Court of the District of Columbia, Civil Division to the United States District Court for the District of Columbia, and in support thereof, states as follows:

1. Plaintiff Beyond Pesticides commenced this action on March 20, 2020, by filing a complaint against TruGreen ("Complaint") in the Superior Court of the District of Columbia, Civil Division. Plaintiff's Complaint was assigned Case No. 2020 CA 001973 B (hereinafter the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the Complaint is attached as **Exhibit 1**.

2. The Complaint asserts a single cause of action, allegedly on behalf of the "general public" of the District of Columbia, against TruGreen for violations of the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901 *et seq.* ("DC CPPA"). Ex. 1 ¶¶ 10, 85-100. Plaintiff alleges that TruGreen engaged in deceptive marketing of its lawn care services and products. *See generally id.* TruGreen denies that it engaged in any unlawful conduct or is liable to Plaintiff.

3.      TruGreen was served with the Complaint and Summons on March 31, 2020. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the Summons is attached as **Exhibit 2**.

4.      The Superior Court docket report for the State Court Action, as well as all additional documents filed to date in that action, are attached as **Exhibit 3**.

5.      For the reasons set forth below, this Court has original jurisdiction over the present civil action pursuant to 28 U.S.C. § 1332, and therefore, removal is proper pursuant to 28 U.S.C. § 1441(a).

## GROUND FOR REMOVAL

6.      "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." § 1332(a). Further, "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." § 1441(a).

7.      This Court has jurisdiction over this civil action pursuant to § 1332 because (a) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,[1] and (b) there is complete diversity of citizenship between Plaintiff and TruGreen. As such, the action may be removed to this Court pursuant to § 1441.

**A.**    ***The Amount in Controversy Exceeds $75,000.***

8.      A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v.*

---

[1] References to specific dollar amounts are provided only to establish that the amount in controversy is in excess of the jurisdictional minimum for federal jurisdiction. TruGreen denies that Plaintiff's claims in this case have any merit or entitle Plaintiff to any amount of damages.

2

*Owens*, 135 S. Ct. 547, 554 (2014). Removal is proper if "the district court finds, by a preponderance of the evidence, that the amount in controversy" exceeds $75,000. § 1446(c)(2)(B).

9. Here, the value of the relief requested by Plaintiff on behalf of itself and the "general public" is in excess of $75,000.[2]

10. In the Complaint, Plaintiff seeks, *inter alia*, declaratory and injunctive relief, including: (a) "a declaration that TruGreen's conduct is in violation of the DC CPPA;" (b) "an order enjoining TruGreen's conduct found to be in violation of the DC CPPA, as well as corrective advertising;"[3] (c) "an order granting Plaintiff costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law;" and (d) "such further relief, including equitable relief, as this Court may deem just and proper." Ex. 1, Prayer for Relief.

11. The value of this injunctive relief alone exceeds $75,000. Indeed, as evidenced by the Declaration of Kevin Mann, the sweeping injunctive relief Plaintiff seeks, regardless of the ultimate scope, would potentially require, among other things, TruGreen to: (a) modify the chemical composition of certain of its products, (b) revise and redesign its website, (c) revise and reprint its marketing and training materials, and (d) develop and issue public disclosures and advertising specifically targeted to address the alleged misstatements. *See* **Exhibit 4**, Decl. of K. Mann ("Mann Declaration"), ¶9. The anticipated costs to TruGreen of these measures would exceed $100,000. *Id.* Therefore, based on Plaintiff's request for injunctive relief alone, the amount in controversy exceeds the sum or value of $75,000. *See, e.g., Hunt v. Wash. State Apple Advert.*

---

[2] TruGreen does not concede, and in fact denies, that Plaintiff is entitled to the relief it seeks. However, Plaintiff's claim "whether well or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

[3] Specifically, Plaintiff seeks "to halt TruGreen's false marketing and sale of its services," Ex. 1 ¶ 10, and "removal of TruGreen's [allegedly] false and deceptive marketing statements," *id*. ¶ 66.

*Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 153-54 (D. D.C. 2007) ("The value of injunctive relief for determining the amount in controversy can be calculated as the cost to the defendant.") (citing *Comm. For GI Rights v. Callaway*, 518 F.2d 466, 472-73 (D.C. Cir. 1975)).

12. The jurisdictional amount in controversy is increased further by the damages Plaintiff seeks against TruGreen. Although Plaintiff does not allege in the Complaint the amount of such damages, during recent settlement discussions, Plaintiff's counsel provided an initial monetary demand (in addition to further sweeping injunctive relief) from TruGreen that substantially exceeded $75,000, reflecting Plaintiff's own valuation of the case.[4] *See* Mann Decl., ¶ 6. In addition, as part of those settlement discussions, Plaintiff rejected a counter settlement offer from TruGreen that included monetary relief in excess of $75,000, and made a revised settlement demand that sought monetary relief in excess of $100,000. *Id.* ¶ 8. This is additional evidence that the Court may (and should) properly consider in determining the amount in controversy for jurisdictional purposes. *See, e.g., Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26, 33-34 (D. D.C. 2014) (plaintiff's proposed settlement amount is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim")

---

[4] In light of the intended confidential nature of communications regarding settlement, *see* Fed. R. Evid. 408, TruGreen provides only the representation that Plaintiff's settlement demand exceeds the jurisdictional amount in controversy threshold. Nevertheless, TruGreen notes that the admission of a settlement demand letter as evidence to establish the amount in controversy for jurisdictional purposes has been found to be proper and not violative of either the spirit nor the express language of Fed. R. Evid. 408. *See, e.g., Archer v. Kelly*, 271 F. Supp. 2d 1323-24 (N.D. Okla. 2003) (considering purpose of, and advisory committee's comments to, Fed. R. Evid. 408, and finding that neither "foreclose offering 'compromise' evidence," such as a settlement demand letter, for the purpose of "show[ing] that the amount in controversy exceeds $75,000 and, together with complete diversity of the parties, to establish removal jurisdiction"); *see id.* ("[T]he purpose of Fed.R.Evid. 408, to encourage settlements, is not undermined by use of a demand letter in a notice of removal.") (citation omitted). Should the Court require more information regarding the details of Plaintiff's settlement demand, TruGreen requests the opportunity to provide the correspondence to the Court for in camera review as to the amount in controversy.

(internal quotation marks and citation omitted); *Nat'l Consumers League v. Bimbo Bakeries USA*, 476 F. Supp. 3d 64, 74-75 (D. D.C. 2014) (same); *see also Archer*, *supra* at n.4.

13.     In addition, Plaintiff's request for attorneys' fees under the DC CPPA also may be properly included for purposes of calculating the requisite amount in controversy. *See, e.g., Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293, 301 (D. D.C. 2013) ("Attorney fees are part of the amount in controversy if they are provided for by statute or contract") (citation omitted); *see also* 14AA Wright, Miller, & Cooper, Fed. Prac. & Proc. Juris. § 3704.2 (4th ed.) ("If a state statute allows an award of attorneys' fees . . ., the prospect of those fees being awarded can be factored into the amount in controversy"). The DC CPPA undisputedly provides for an award of attorneys' fees, *see* § 28-3905(k)(2)(B), and thus should be considered for purposes of the amount in controversy determination.

14.     In sum, the amount in controversy here far exceeds the jurisdictional sum or value of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a). Accordingly, this prong of the jurisdictional inquiry is met.

   **B.     *The Parties Are Completely Diverse.***

15.     For purposes of jurisdiction under § 1332(a) and removal under § 1441(a), the diversity of citizenship requirement is met when all persons on one side of the litigation are citizens of different states from all persons on the other side of the litigation. *See Conolly v. Taylor*, 27 U.S. 556 (1829). "A business organized as a corporation . . . is 'deemed to be a citizen of any State by which it has been incorporated,'" and a citizen "of the State where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). Diversity jurisdiction in a suit "by or against [a non-corporate] entity depends on the citizenship of all of the members." *Chapman v. Barney*, 129 U.S. 677, 682 (1889). For a limited partnership, "jurisdiction stands or

falls on the citizenship of its individual partners." *Anchorage-Hynning & Co. v. Moringiello*, 697 F.2d 356, 357 n.1 (D.C. Cir. 1983) (citations omitted).  Here, the parties are completely diverse because they are citizens of different states.

16.     Plaintiff Beyond Pesticides is, and at the time the Complaint was filed, "a 501(c)(3) non-profit, public interest organization," Compl. ¶ 71, "headquartered in, and … based in the District of Columbia," *id.* ¶¶ 68, 72, and "perform[ing] its work … in the District of Columbia," *id.*  Plaintiff therefore is a citizen of the District of Columbia.  *See Wachovia*, 546 U.S. at 306.

17.     Defendant TruGreen is, and at the time the Complaint was filed, a limited partnership which maintains its headquarters in the state of Tennessee.  Compl. ¶ 81.  TruGreen has one general partner (Outdoor Home Services GP LLC) and one limited partner (Outdoor Home Services Midco, LLC).  Neither partner of TruGreen, nor its partners or members, is a citizen of the District of Columbia.[5]

18.     Accordingly, the complete diversity requirement of 28 U.S.C. § 1332(a) is met.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

19.     This removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within 30 days of TruGreen's receipt of the Complaint "through service or otherwise." § 1446(b).

20.     TruGreen will promptly provide a copy of this Notice of Removal to Plaintiff's counsel and file a copy of same with the Clerk of the Superior Court of the District of Columbia,

---

[5] Outdoor Home Services GP LLC is the general partner of TruGreen; Outdoor Home Services Midco, LLC is the limited partner of TruGreen. Outdoor Home Services GP LLC has a sole member: Outdoor Home Services Midco, LLC; Outdoor Home Services Midco, LLC has a sole member: Outdoor Home Services Holdings LLC. Outdoor Home Services Holdings LLC's sole member is TruGreen Companies L.L.C., which has two members: TruGreen Holding Corporation and TruGreen, Inc, both of which are Delaware corporations with their principal places of business in Tennessee. TruGreen therefore is a citizen of the states of Delaware and Tennessee. *See Moringiello*, 697 F.2d at 357 n.1.

Civil Division, as required by § 1446(d).  The Notice of Filing of Notice of Removal to be filed with the Superior Court is attached as **Exhibit 5**.

21. Nothing in this Notice of Removal shall be interpreted as a waiver or admission of any allegation, defense, argument, affirmative matter, or principle of equity available to Defendant.

22. TruGreen reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant TruGreen Limited Partnership hereby gives notice that this matter is removed to the United States District Court for the District of Columbia, and requests that this Court retain jurisdiction for all further proceedings pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

          Respectfully submitted,

          BAKER, DONELSON, BEARMAN,
          CALDWELL & BERKOWITZ, PC

            /s/ J. David Folds
          J. David Folds (Bar No. 449791)
          901 K Street NW
          Suite 900
          Washington, D.C. 20001
          Tel: (202) 508-3441
          Email: dfolds@bakerdonelson.com

*Counsel for Defendant TruGreen Limited Partnership*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of April 2020, a copy of the foregoing Notice of Removal was filed electronically via CM/ECF and was sent by e-mail to:

>Kim E. Richman
>Richman Law Group
>8 W. 126th Street
>New York, NY 10027
>krichman@richmanlawgroup.com
>
>*Counsel for Plaintiff*

                                        /s/ J. David Folds
                                           J. David Folds