**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BEYOND PESTICIDES, <br><br>                  Plaintiff, <br><br> v. <br><br> TRUGREEN LIMITED PARTNERSHIP, <br><br><br>                  Defendant. | Case No. 1:20-cv-01083 <br> Hon. Tanya S. Chutkan |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**AND FOR FEES AND COSTS**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION.................................................................................................................. 1

ARGUMENT ........................................................................................................................ 3

I.   TruGreen's Removal Ignores the Settled Law of This District, Which Holds That the Non-Aggregation Principle Applies to CPPA Claims on Behalf of the General Public…....................................................................................................................... 3

II.   Even Apart From Contravening Settled Precedent of This District, TruGreen's Removal Is Flawed. ............................................................................................... 5

A.   TruGreen's Cost "Potential" Is Speculative, and Far Beyond What Is Sought by the Complaint or Available in This Action. ...................................................... 6

B.   Beyond Pesticides' Request for Attorneys' Fees Cannot Support Removal. .......... 8

C.   The Operative Document for Determining Remand Is Beyond Pesticides' Pleading, Not Compromise Negotiations Improperly Cited by TruGreen. ................. 10

III.   Beyond Pesticides Is Entitled to Its Fees and Costs Associated With This Remand.. ...................................................................................................... 15

CONCLUSION ................................................................................................ 17

## **TABLE OF AUTHORITIES**

**Cases**

*Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53 (D.D.C. 2017) (Kollar-Kotelly, J.).................................................................................................. 4, 8, 9, 10

*Archer v. Kelly*, 271 F. Supp. 2d 1320 (N.D. Okla. 2003)........................................................ 11

*Ballard v. District of Columbia*, 813 F. Supp. 3d 34 (D.D.C. 2011) (Roberts, J.) ...................... 3

*Breakman v. AOL LLC*, 545 F. Supp. 2d 96 (D.D.C. 2008) (Bates, J.)................................... 5, 8

*Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163 (D.D.C. 2017) (Huvelle, J.) ....................................................................................................................................4, 12

*Burton v. Coburn*, No. No. 04-965 (RBW), 2005 U.S. Dist. LEXIS 4243 (D.D.C. Mar. 16, 2005) .......................................................................................................................................... 16

*Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49 (D.D.C. 2012) (Urbina, J.) ............................. 3

*Byrd v. VOCA Corp.*, No. 2004 CA 004412, 2011 D.C. Super. LEXIS 8 (D.C. Super. Sept. 13, 2011) ....................................................................................................................................... 13

*City of Riverside v. Rivera*, 477 U.S. 561 (1986) ...................................................................... 9

*Corlew v. Denny's Rest., Inc.*, 983 F. Supp. 878 (E.D. Mo. 1997)............................................ 14

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) ......................................... 15

*Doughty v. Hyster New England, Inc.*, 344 F. Supp. 2d 217 (D. Me. 2004) .............................. 13

*Fahey v. Godiva Chocolatier, Inc.*, No. 19-2128 (JDB), 2020 U.S. Dist. LEXIS 27073 (D.D.C. Feb. 18, 2020) ........................................................................................................................ 7

*Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232 (D.D.C. Mar. 5, 2020).................................................................................... 4, 15

*Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007) ................................... 3

*Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44 (M.D.N.C. 1996) .......................................... 14

*Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635 (D.D.C. Apr. 1, 2019) ................................................................................................................................... 4

*Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25 (D.D.C. 2009) (Hogan, J.) ................. 3

*In re Subpoena Issued to CFTC*, 370 F. Supp. 2d 201 (D.D.C. 2005) (Bates, J.) ...................... 11

*Inst. for Truth in Mktg v. Total Health Network Corp.*, 321 F. Supp. 3d 76 (D.D.C. 2018) (Jackson, J.)................................................................................................................. 4, 7, 10

*Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450 (S.D. Ala. 1997)............................... 12, 13

*Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175 (D.D.C. 2003) (Urbina, J.) ............... 16

*Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076 (8th Cir. 2003) ..................................................... 9

*Kliebert v. Upjohn Co.*, 915 F.2d 142 (5th Cir. 1990) ............................................................. 13

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005)............................................................... 15

*Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64 (D.D.C. 2014) (Lamberth, J.)....................................................................................................................... 8, 9, 10

*Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26 (D.D.C. 2014) (Huvelle, J.).................................................................................................................................. 11, 13

*Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132 (D.D.C. 2010) (Kennedy, J.).. 8

*Navarro v. Subaru of America Ops. Corp.*, 802 F. Supp. 191 (N.D. Ill. 1992).......................... 14

*Organic Consumers Association v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74 (2016) (Cooper, J.).............................................................................................................. 5, 9

*Organic Consumers Association v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344 (D.D.C. 2018) (Walton, J.)............................................................................................................................. 4

*Saunders v. Rider*, 805 F. Supp. 17 (E.D. La. 1992) ...................................................... 14

*Smith v. Abbott Laboratories, Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478 (D.D.C. Mar. 31, 2017) ................................................................................................................... 4

*Snyder v. Harris*, 394 U.S. 332 (1969) ................................................................................ 3

*Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252 (N.D. Ga. 1996) .................................... 14

*Stein v. Am. Exp. Travel Related Servs.*, 813 F. Supp. 2d 69 (D.D.C. 2011) (Kessler, J.) ..... 15, 16

*US Airways Master Exec. v. American W. Master Exec. Council*, 525 F. Supp. 2d 127 (D.D.C. 2007) (Sullivan, J.) ............................................................................................................. 13

*Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195 (D. Conn. 2004) ......................... 14

*Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150 (D.D.C. 2007) (Kessler, J.) ................ 8, 12

*Witte v. General Nutrition Corp.*, 104 F. Supp. 3d 1 (D.D.C. 2015) (Huvelle, J) .......................... 5

*Your Girl Friday, LLC v. MGF Holdings, Inc.*, No.  06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665 (D.D.C. Apr. 18, 2006) ........................................................................................... 10

*Zuckman v. Monster Bev. Corp.*, 958 F. Supp. 2d 293 (D.D.C. 2013) (Bates, J.) .................... 8, 9

**Statutes**

28 U.S.C. § 1332(a) ............................................................................................................... 3

28 U.S.C. § 1441(a) ............................................................................................................... 3

28 U.S.C. § 1446(c)(2)(B) .................................................................................................... 15

28 U.S.C. § 1447(c) ............................................................................................................. 15

D.C. Code § 28-3901(a)(15) ................................................................................... 1, 3, 12, 15

D.C. Code § 28-3901(c) ......................................................................................................... 6

D.C. Code § 28-3905(k)(1)(B) ............................................................................................... 9

D.C. Code § 3905(k)(1)(D) .................................................................................................... 3

D.C. Consumer Protection Procedures Act ................................................................... passim

**Other Authorities**

*Black's Law Dictionary* (2d Ed.) ......................................................................................... 12

**Rules**

Fed. R. Evid. 408 ................................................................................................................. 11

**Treatises**

14AA Wright, Miller, & Cooper, Fed. Prac. & Proc. Juris. § 3704.2 (4th ed.) ............................. 8

## INTRODUCTION

This is a private-attorney-general action filed by a D.C. Code § 28-3901(a)(15) public-interest organization, on behalf of itself and the general public of the District of Columbia pursuant to D.C. Code § 28-3905(k). Plaintiff Beyond Pesticides, a non-profit organization headquartered in the District of Columbia, alleges that Defendant TruGreen Limited Partnership ("TruGreen") deceptively markets lawn-care services as environmentally friendly and as not using certain categories of harmful chemicals, when TruGreen in fact does use those categories of chemicals. (Compl. Preamble.) The Complaint states one count, for violation of the CPPA, D.C. Consumer Protection Procedures Act ("CPPA"), Code § 28-3901 *et seq.* (Compl. ¶¶ 85-100), and seeks no damages or restitution, only declaratory and injunctive relief to stop the conduct directed at consumers in the District of Columbia (*id.* Prayer).

Despite the lack of any damages or restitution at issue in this case, TruGreen has removed on the basis of federal diversity jurisdiction, claiming that the amount of controversy exceeds $75,000. TruGreen makes this assertion without evidence and without reference to the settled law of this District. As an initial matter, TruGreen does not even attempt to address the long-established non-aggregation principle, under which courts of this District hold that the cost of compliance with injunctive relief must be divided pro rata among potential beneficiaries of that relief. TruGreen offers no evidence that the cost of compliance in this case would exceed $75,000 per member of the general public of the District. For this fatal flaw alone, the case must be remanded.

But even if the Court's uniform precedent on the non-aggregation principle were to be discarded, TruGreen has failed to meet its burden in establishing the amount in controversy. TruGreen offers no evidence to support its contention that the cost of compliance with Beyond Pesticides' requested relief (*i.e.*, and end to deceptive marketing directed at consumers in the

District) would exceed $75,000. Instead, TruGreen relies upon a declaration that speculates as to the cost of the most expensive, least efficient means by which it might correct its false advertising—far beyond what is requested in the Complaint. This contradicts established precedent that requires the removing party to both go beyond mere speculation and to prove the reasonableness of the estimated cost of compliance.

TruGreen also ignores settled precedent on the use of attorneys' fees to meet the jurisdictional minimum, failing to provide any evidence as to the amount of fees at issue, and disregarding this Court's holdings applying the non-aggregation principle to attorneys' fees (or alternatively setting attorneys' fees at $0 in cases seeking only injunctive and declaratory relief on behalf of the general public). Finally, TruGreen's last-ditch effort to inflate the amount in controversy by disclosing confidential settlement negotiations is both improper and unavailing. TruGreen mischaracterizes Beyond Pesticides' compromise proposal as a valuation of "damages" in this case, despite no damages being sought in the Complaint; misapplies precedent that applies only to cases in which damages or restitution are at issue; and ignores precedent holding that settlement offers, standing alone, cannot establish the jurisdictional minimum.

In short, TruGreen's removal of this case lacks any reasonable basis. TruGreen's arguments ignore the settled law of this Court, which has ***uniformly*** found that similar false-advertising cases—arising under the DC CPPA and seeking only injunctive and declaratory relief—must be remanded. Accordingly, Beyond Pesticides respectfully requests that its motion to remand be granted, and because no reasonable basis existed for removal, that it receives its costs associated with seeking remand.

## **ARGUMENT**

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court may be removed to a United States District Court only if the case originally could have been brought in federal court. "Courts in this circuit have construed removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011) (Roberts, J.); *see also Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012) (Urbina, J.) ("Courts must strictly construe removal statutes. The court must resolve any ambiguities concerning the propriety of removal in favor of remand." (citations omitted)); *Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25, 28 (D.D.C. 2009) (Hogan, J.) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)). "When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction." *Busby*, 841 F. Supp. 2d at 53.

## I.     **TruGreen's Removal Ignores the Settled Law of This District, Which Holds That the Non-Aggregation Principle Applies to CPPA Claims on Behalf of the General Public.**

TruGreen has removed on the basis of federal diversity jurisdiction. (Notice ¶¶ 6-7.) Beyond Pesticides is a D.C. Code § 3901(a)(15) public-interest organization and brings this CPPA action on behalf of itself and the general public pursuant to § 3905(k)(1)(D). (Compl. Preamble, ¶¶ 70, 71, 80, 84, 85, 97-99.) Beyond Pesticides' Complaint seeks only injunctive and declaratory relief. (*Id.* Prayer.) According to long-standing, uniform precedent in this District, when a CPPA case on behalf of the general public seeks only declaratory and injunctive relief, the cost of compliance must be calculated on a per-affected-individual basis, according to the non-aggregation principle of *Snyder v. Harris*, 394 U.S. 332, 335 (1969). That is, in order to establish federal diversity jurisdiction, TruGreen would need to establish that the $75,000 jurisdictional minimum, *see* 28 U.S.C. § 1332(a), is met for ***each*** member of the D.C. general public represented

in this litigation. Relevant decisions, issued over the last dozen years and as recently as March, include at least these:

- *Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232, at **15-16 (D.D.C. Mar. 5, 2020): "[C]onsistent with the decisions of courts in this District, the court finds that for purposes of calculating the amount in controversy, the cost of the injunction to Defendant must be divided pro rata among the members of the general public of the District of Columbia."

- *Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635, at *18 (D.D.C. Apr. 1, 2019): "Accordingly, the Court follows the vast weight of authority in this Circuit and concludes that the non-aggregation principle should be applied to the cost of Defendant's compliance with an injunction."

- *Inst. for Truth in Mktg v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 91 (D.D.C. 2018) (Jackson, J.): "Consistent with persuasive precedents in this district, this Court concludes that the appropriate measure of the requested injunctive relief is not the amount that Total Health must spend to comply with the injunction, but that amount ***divided by*** the number of members of the public on whose behalf Plaintiff brings the action."

- *Organic Consumers Association v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 350 (D.D.C. 2018) (Walton, J.): "[T]he overwhelming weight of authority within th[is] District indicates that defendants seeking to remove [CPPA] actions cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy, as that would violate the non-aggregation principle set forth by the Supreme Court."

- *Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 59 (D.D.C. 2017) (Kollar-Kotelly, J.): "[A]lthough the cost to the defendant is one available measure of the amount in controversy, the Court concludes that it would not be an appropriate measure to apply in this particular case because to do so would not comport with the non-aggregation principle."

- *Smith v. Abbott Laboratories, Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478, at *4 (D.D.C. Mar. 31, 2017): "[T]he overwhelming weight of authority within the District indicates that defendants seeking to remove DCCPA actions cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy, as that would violate the non-aggregation principle set forth by the Supreme Court."

- *Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163, 171 (D.D.C. 2017) (Huvelle, J.): "The Court must consider whether the total cost of compliance divided among the beneficiaries still meets the amount in controversy."

- *Organic Consumers Association v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74, 78 (2016) (Cooper, J.): "Consistent with this prior authority, the Court finds that the individual cost to **each** plaintiff must exceed $75,000 for jurisdiction to exist. Because Handsome Brook has made no attempt to show that the $75,000 threshold is met for each plaintiff, it has not established that diversity jurisdiction exists."

- *Witte v. General Nutrition Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015) (Huvelle, J.): "Defendants' argument—that this Court should consider their total compliance costs in calculating the amount in controversy—would circumvent the non-aggregation principle articulated in *Snyder* and *Zahn* [*v. International Paper Corp.*, 414 U.S. 291 (1973)]."

- *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008) (Bates, J.): "[T]his Court agrees that the cost-to-defendant test is inapplicable to the current diversity action. That result is, moreover, consistent with the general rule that the proper measure of the amount in controversy is from the perspective of the relief sought by the plaintiff."

TruGreen has neither attempted to establish that the jurisdictional minimum is met for each member of the D.C. general public nor even disclosed this precedent, which directly contravenes its removal petition. The case must be remanded to the proper forum, the Superior Court of the District of Columbia.

## II.    Even Apart From Contravening Settled Precedent of This District, TruGreen's Removal Is Flawed.

As set forth in Part I, *supra*, the settled and uncontroverted precedent of this District holds that a CPPA action on behalf of the general public is not removable unless the $75,000 jurisdictional minimum is met for each member of the D.C. public. But even if that caselaw did not exist, the Notice of Removal would fail for several additional reasons. **First**, the cost "potential" that TruGreen cites is speculative, unsupported by the evidence, and goes far beyond the relief actually sought by the Complaint. **Second**, established precedent within this District (again not cited by TruGreen) holds that a request for attorney's fees does not support the jurisdictional minimum. **Third**, TruGreen's attempt to inflate the amount in controversy by citing confidential negotiations conflates damages with injunctive relief, misapplies precedent, fails to meet its evidentiary burden, and is counter to policy favoring attempts to settle.

A.      **TruGreen's Cost "Potential" Is Speculative, and Far Beyond What Is Sought by the Complaint or Available in This Action.**

Even if the cost of compliance could be aggregated—as set forth above, it cannot, and instead must be divided on a *per capita* basis—the six-figure "potential" cost that TruGreen cites is speculative and unreasonable, given what is available in a CPPA action. This is the relief sought by Beyond Pesticides' Complaint in this matter:

A.      a declaration that TruGreen's conduct is in violation of the DC CPPA;

B.      an order enjoining TruGreen's conduct found to be in violation of the DC CPPA, as well as corrective advertising;

C.      an order granting Plaintiff costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law; and

D.      such further relief, including equitable relief, as this Court may deem just and proper.

(Compl. Prayer.) The reach of the CPPA is limited to the District of Columbia. *See* D.C. Code § 28-3901(c) ("This chapter establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia."). Accordingly, any injunction of TruGreen's marketing, or other relief, would be required only as to services offered in the District.

Notwithstanding the foregoing, and common sense, TruGreen submits the declaration of its General Counsel for "Outdoor Home Services GP" opining that "the injunctive action Beyond Pesticides seeks in the Complaint would require TruGreen," among other things, to "modify the chemical composition of the TruGreen Products" and "revise and reprint its marketing and training materials"—for which this General Counsel "estimate[s]" the cost "would exceed $100,000." (Mann Decl. (Ex. 4 to Notice) ¶ 9.) To begin, the injunctive action Beyond Pesticides seeks in the Complaint makes no mention, anywhere, of this purported relief; a simple look at the Prayer,

6

quoted above, demonstrates that neither "modify[ing] chemical composition" nor "reprint[ing] training materials" is requested.[1] Nor does TruGreen explain how, under the CPPA, a court could lawfully order such relief. The Complaint alleges that TruGreen is misleading D.C. consumers about the nature of the Products, which violates the CPPA, and asks the Superior Court to stop this CPPA violation. Suggesting that TruGreen would stop misrepresenting Products sold in the District by changing its entire formulation or training regime would undoubtedly be the costliest, most inefficient method of achieving simple, targeted relief.

TruGreen's estimate would not establish the jurisdictional minimum by a preponderance of the evidence, even if the amount *were* aggregated for all D.C. consumers. Measuring the cost-of-compliance metric for determining the amount-in-controversy in cases seeking injunctive relief puts the burden of "establishing the reasonableness" of the estimate on the party seeking removal. *Fahey v. Godiva Chocolatier, Inc.*, No. 19-2128 (JDB), 2020 U.S. Dist. LEXIS 27073, at *10-11 (D.D.C. Feb. 18, 2020) (granting remand where defendant's estimated cost-of-compliance was "speculative and unreasonable"). Mr. Mann, apparently an attorney, merely speculates about relief not available in a CPPA action and how much that might cost. Moreover, Mr. Mann provides no supporting detail whatsoever; the opinion is based on "my personal knowledge and experience working and consulting with TruGreen's marketing and advertising personnel," but not actual numbers or examples. That could not carry TruGreen's burden, in any event. *See, e.g.*, *Inst. for Truth in Mktg.*, 321 F. Supp. 3d at 89 ("It is well established that a defendant may not rely on sheer

---

[1] To the extent TruGreen seeks to include compromise offers made by Beyond Pesticides, (1) Mr. Mann's Declaration purports to assess "the injunctive action Beyond Pesticides seeks in the Complaint," not any attempts at settlement or compromise (Mann Decl. (Ex. 4 to Notice) ¶ 9), and (2) TruGreen's improper use of settlement/compromise discussions is addressed *infra*, Part II.C.

speculation to satisfy its burden of showing the amount in controversy. *See Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007).").

> **B.      Beyond Pesticides' Request for Attorneys' Fees Cannot Support Removal.**

TruGreen also argues that Beyond Pesticides' "request for attorneys' fees under the DC CPPA also may be properly included for purposes of calculating the requisite amount in controversy." (Notice ¶ 13 (citing *Zuckman v. Monster Bev. Corp.*, 958 F. Supp. 2d 293, 301 (D.D.C. 2013) (Bates, J.); 14AA Wright, Miller, & Cooper, Fed. Prac. & Proc. Juris. § 3704.2 (4th ed.).) The assertion that the mere request for attorneys' fees provides the jurisdictional minimum, like TruGreen's failure to consider the non-aggregation principle, overlooks the settled law of this District. Attorneys' fees, for purposes of this action, are either divided pro rata or else apportioned at $0, and even if they were not, TruGreen has not mustered even a scintilla of evidence relating to attorneys' fees.

*First*, in a private-attorney-general CPPA claim, attorneys' fees, like the cost of injunctive relief, must be considered for jurisdictional purposes on a pro rata basis, divided amongst the consumers on whose behalf the suit is brought: "Plaintiff argues that considering the total amount of attorneys' fees in a DCCPPA case brought on behalf of the general public would not comport with the non-aggregation principle. [] This position finds considerable support in a number of district court opinions from this Circuit." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 62 (citing *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 73 (D.D.C. 2014) (Lamberth, J.) ("*Bimbo Bakeries*"); *Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010) (Kennedy, J.); *Breakman*, 545 F. Supp. 2d at 107). TruGreen, overlooking this precedent, cites *Zuckman*, 958 F. Supp. 2d at 301 (D.D.C. 2013) (Bates, J.), for this proposition: "Attorney fees are part of the amount in controversy if they are provided for by statute or contract."

TruGreen cuts off what immediately follows that quote in the *Zuckman* decision: "Since the DCCPPA allows for recovery of reasonable attorney fees, *see* D.C. Code § 28-3905(k)(1)(B), Zuckman's fees are appropriately considered part of the amount in controversy. As he correctly argues, however, ***his fees cannot be aggregated with those of the general public*** in order to satisfy the $75,000 threshold." *Id.* (emphasis added) (citing *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1080 (8th Cir. 2003)).[2]

**Second**, in the alternative, when a private attorney general sues for CPPA injunction, without damages, the amount of attorneys' fees for jurisdictional purposes can simply be set at $0:

> Courts in this district generally agree that if attorneys' fees are recoverable by statute, they can be included in the amount-in-controversy calculation but must be apportioned amongst the individual consumers. And only each individual plaintiff's share can be considered as part of the amount in controversy. . . . But when, like here, a plaintiff "is suing under [the private attorney general provision of the DCCPPA] and is recovering no independent damages, the amount of attorneys' fees applicable to it for jurisdictional purposes are $0."

*Handsome Brook Farm Grp. 2, LLC*, 222 F. Supp. 3d at 78-79 (citations omitted) (quoting *Bimbo Bakeries*, 46 F. Supp. 3d at 74).

**Third**, even if attorneys' fees could be counted in the jurisdictional minimum, and were allowed to be aggregated, TruGreen has provided no evidence suggesting what the attorneys' fees

---

[2] The *Zuckman* plaintiff, an individual, had brought a CPPA action on his own behalf and on behalf of the general public. He sought treble or statutory damages, restitution, injunctive relief, and attorneys' fees. *Zuckman*, 958 F. Supp. 2d at 296-97. Because Zuckman sought damages on his own behalf, the court decided that he "likely would have still chosen to bring this suit even if he could assert only individual claims, and the work required of his attorneys would be substantially more than the pro rata portion of the total hourly fees." *Id.* at 301. In that unique situation, the court apportioned to Zuckman "the attorney fees that [his] individual claims support by calculating a reasonable contingency fee—say, 33%, *see City of Riverside v. Rivera*, 477 U.S. 561, 573, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)—that would accompany a full judgment in his favor." *Id.* (remanding action). Where (like here) an organizational plaintiff seeks no restitution or damages, fees are apportioned equally among all persons who stand to benefit. *See Animal Legal Def. Fund*, 249 F. Supp. 3d at 62.

in fact will be. On that basis alone, TruGreen fails to establish the $75,000 threshold based on attorneys' fees, as stated in the *Institute for Truth in Marketing* opinion:

> IFTIM's decision not to limit the attorney's fees it seeks says nothing about whether the attorney's fees related to this matter will "more likely than not" exceed $35,000, and with respect to **that** contention, Total Health has put forward zero proof. (Notice of Removal ¶ 8.) Thus, this Court has no basis upon which to find, by a preponderance of the evidence, that the cost of the injunction or the attorney's fees in this case are the amounts that Total Health asserts . . . .

*Inst. for Truth in Mktg.*, 321 F. Supp. 3d at 90-91; *see also, e.g.*, *Animal Legal Def. Fund*, 249 F. Supp. 3d at 63 ("Defendant's showing regarding attorneys' fees is too speculative. Numerous courts have rejected similar attempts to create federal jurisdiction through speculative assertions as to the potential for an award of attorneys' fees."); *Bimbo Bakeries*, 46 F. Supp. 3d at 74 ("Defendant's speculation or conclusory statements as to the amount of attorney's fees is insufficient to establish a jurisdictional amount."); *Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665, at *8 (D.D.C. Apr. 18, 2006) ("defendant's conjecture regarding the possible amount of fees is inadequate to support an assertion of diversity jurisdiction in this case"). TruGreen provides no **evidence** relating to attorneys' fees, only a statement that the CPPA "undisputedly provides for an award of attorneys' fees, *see* § 28-3905(k)(2)(B)." (Notice ¶ 13.)

### C. The Operative Document for Determining Remand Is Beyond Pesticides' Pleading, Not Compromise Negotiations Improperly Cited by TruGreen.

As set forth above, TruGreen defies the settled law of this District when it ignores the non-aggregation principle and provides no evidence to support "cost of compliance" speculation unrelated to Beyond Pesticides' Prayer for Relief. In a final effort to establish federal jurisdiction that is plainly lacking, TruGreen attempts to manipulate confidential compromise talks in order to establish the jurisdictional threshold. (Notice ¶ 12 ("[A]s part of those settlement discussions, Plaintiff rejected a counter settlement offer from TruGreen that included monetary relief in excess

of $75,000, and made a revised settlement demand that sought monetary relief in excess of $100,000.").) The problems with this argument are myriad—even apart from the obvious discouragement of good-faith settlement negotiations, *see generally In re Subpoena Issued to CFTC*, 370 F. Supp. 2d 201, 211 (D.D.C. 2005) (Bates, J.) (citing, *inter alia*, Fed. R. Evid. 408 advisory committee note for proposition that "Congress clearly enacted this Rule to promote the settlement of disputes outside the judicial process").[3]

  ***First***, TruGreen's precedent suggesting that a settlement demand can be considered in establishing a jurisdictional minimum arises where the pleading itself seeks restitution and/or damages, not just declaratory and injunctive relief. *See Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26 (D.D.C. 2014) (Huvelle, J.) ("*Flowers Bakeries*") (non-profit action seeking restitution on behalf of consumers who purchased products at issue) (Notice ¶ 12); *Archer v. Kelly*, 271 F. Supp. 2d 1320 (N.D. Okla. 2003) (personal-injury damages arising from automobile accident) (Notice ¶ 12 n.4.). (It should be noted that the court in *Flowers Bakeries* first declined to decide whether to allow a settlement demand to be considered, because the jurisdictional minimum was not met either way: "The Court therefore concludes that a settlement demand of more than $75,000 is not a reasonable calculation of the amount in controversy. Moreover, holding otherwise would effectively permit an unwarranted end-around the non-aggregation principle and unduly discourage settlements in DCCPPA case." *Flowers Bakeries*, 36 F. Supp. 3d at 34. The totality of the opinion, which grants remand, offers no support for TruGreen's position.) As far as Beyond Pesticides is aware, this is true not just of TruGreen's two citations, but of all cases in which a settlement demand was considered as evidence of a

---

  [3] Upon receiving the Notice of Removal, counsel for Beyond Pesticides requested that TruGreen, at a minimum, redact or seal the portion of the Notice disclosing potential settlement communications. TruGreen refused. (Declaration of Kim E. Richman ("Richman Decl.") ¶ 9.)

jurisdictional minimum: restitution or damages,[4] **_not_** cost of compliance, were at issue, *see generally* all cases cited *infra*; Beyond Pesticides has not found any case in which settlement negotiations were considered evidence of cost of compliance with injunctive relief, because such relief looks solely to the **defendant**, not the plaintiff. *See generally Breathe DC*, 232 F. Supp. 3d at 171 ("Accordingly, to determine the amount in controversy from the defendants' perspective, the cost of compliance must be divided among the beneficiaries of the injunction."); *Wexler*, 496 F. Supp. 2d at 153 ("The value of injunctive relief for determining the amount in controversy can be calculated as the cost to the defendant.").

**_Second_**, if settlement negotiations are to be used to establish the amount in controversy, the relevant evidence is a **demand** reflecting an assessment of the value of the case. *See, e.g.*, *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) (discussing nature of settlement demand as plaintiff's valuation of monies recoverable through litigation minus costs). No such demand has been made in this case. Instead, in the absence of TruGreen taking action that would satisfy the requested injunctive relief (*i.e.*, correcting each marketing statement challenged in the Complaint), Beyond Pesticides proposed alternative, compromise measures that might reach similar results, such as funding a public education campaign in the District, or making sure the

---

[4] TruGreen blatantly mischaracterizes compromise negotiations as addressing "damages Plaintiff seeks against TruGreen." (Notice ¶ 12.) Damages are defined as "pecuniary compensation or indemnity, which may be recovered in the courts by any person who has suffered loss, detriment, or injury, whether to his person, property, or rights, through the unlawful act or omission or negligence of another" or a "sum of money assessed by a jury, on finding for the plaintiff or successful party in an action, as a compensation for the injury done him by the opposite party." *Black's Law Dictionary* (2d Ed.). At no point has Beyond Pesticides, a D.C.-based public-interest organization pursuant to D.C. Code § 28-3901(a)(15), sought damages from TruGreen. Beyond Pesticides' pleading requests injunctive and declaratory relief to halt misrepresentations aimed at D.C.; when TruGreen refused to meet those requests, Beyond Pesticides suggested that funding an educational campaign might be able to reach similar ends through other means. Neither suggestion represents damages to be paid to Beyond Pesticides.

Products live up to the marketing representations. Beyond Pesticides' good-faith efforts to find a middle ground short of full compliance with the requested injunctive relief is not a demand on the value of the case but an effort to compromise.[5] The value of the case remains what Beyond Pesticides can recover in its CPPA action. *See Doughty v. Hyster New England, Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004) ("The more appropriate measure is the litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of the Plaintiff's Complaint.").

**Third**, even if Beyond Pesticides had made a demand tied to the relief available, it would be at best a piece of evidence to be weighed against the remaining evidence, especially the actual cost of complying with the relief sought in the Complaint. *See Jackson*, 976 F. Supp. at 1454 ("[I]t is not the settlement value of a case that determines whether the jurisdictional amount is in controversy. The appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint."). This Circuit does not seem to have decided that it is appropriate to look at a settlement demand, *see supra*, *Flowers Bakeries*, 36 F. Supp. 3d at 33, but if it is appropriate (and a demand had been made), the demand would be just one evidentiary factor, not

---

[5] In essence, TruGreen argues that the Complaint, and the injunctive relief it seeks on behalf of D.C. consumers, is filed in bad faith and in order to defeat federal jurisdiction, Beyond Pesticides actually places a different value on the case. But TruGreen produces no evidence to suggest that Beyond Pesticides intentionally mis-valued the case. *See Kliebert v. Upjohn Co.*, 915 F.2d 142, 146 (5th Cir. 1990) ("In other words, to demonstrate that the amount plaintiff sued for in state court was a bad faith understatement of his claim, the defendant must show that an award below the jurisdictional amount would be outside the permissible range of awards."). TruGreen could never make such a showing, because by filing the CPPA case for injunctive and declaratory relief only, Beyond Pesticides *per se* limited the relief the Superior Court can award. (For example, Beyond Pesticides does not seek restitution or statutory damages.) A plaintiff is the master of its own complaint. *See, e.g.*, *US Airways Master Exec. v. American W. Master Exec. Council*, 525 F. Supp. 2d 127, 135 (D.D.C. 2007) (Sullivan, J.); *Byrd v. VOCA Corp.*, No. 2004 CA 004412, 2011 D.C. Super. LEXIS 8, at *50 (D.C. Super. Sept. 13, 2011).

enough to override the pleading. *See, e.g.*, *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 202 (D. Conn. 2004) ("[T]he Court recognizes that it must exercise considerable caution in considering such evidence. A settlement offer should not necessarily be determinative of the amount in controversy. Instead, the Court agrees with those courts that have held that a settlement letter is only one factor to consider in assessing the amount in controversy and that courts must consider the context in which such a settlement demand was made."); *Corlew v. Denny's Rest., Inc.*, 983 F. Supp. 878, 880 (E.D. Mo. 1997) ("The mere existence of a settlement demand is not dispositive of the issue of the jurisdictional amount.").

In sum, there are no damages or restitution at stake here, and no demand has been made relating to the value of the CPPA relief sought on behalf of the general public. But even if those factors were present, courts have found that not even a literal demand for damages exceeding the jurisdictional threshold overrides the pleading. *See, e.g.*, *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1996) (rejecting contention that lawyer's statement "We evaluate the damages sustained by Mrs. Gwyn to be in excess of $50,000.00" means the $50,000 threshold was met, because "[i]n trying to settle a claim, counsel naturally will try to inflate its value"); *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256 (N.D. Ga. 1996) (holding that demand letter is "posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking"); *Navarro v. Subaru of America Ops. Corp.*, 802 F. Supp. 191, 194 (N.D. Ill. 1992) (noting assertion of value of claim made in settlement negotiations does not establish jurisdictional amount); *Saunders v. Rider*, 805 F. Supp. 17, 19 (E.D. La. 1992) (rejecting settlement demand of $63,000 as evidence that damages exceed $50,000).

The value of this case, for purposes of federal diversity jurisdiction, is the cost of compliance with the relief requested in the Complaint, which is measured solely with reference to

Defendant TruGreen, not how Plaintiff Beyond Pesticides might compromise to find alternative relief for consumers. TruGreen has made no serious effort to prove, by a preponderance of the evidence, *see Food & Water Watch*, 2020 U.S. Dist. LEXIS 38232, at *6 (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014) (construing 28 U.S.C. § 1446(c)(2)(B))), that its cost to stop misrepresenting the Products within the District would exceed $75,000—much less that it would exceed $75,000 for every single affected member of the D.C. public. Remand is proper.

## III.   Beyond Pesticides Is Entitled to Its Fees and Costs Associated With This Remand.

Beyond Pesticides requests to recoup its just costs and actual expenses, including attorneys' fees, associated with returning this case to the District of Columbia Superior Court, on the basis that TruGreen lacked an objectively reasonable basis for removal. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Stein v. Am. Exp. Travel Related Servs.*, 813 F. Supp. 2d 69, 74 (D.D.C. 2011) (Kessler, J.). Beyond Pesticides is an IRS Code § 501(c)(3)-exempt, D.C. Code § 28-3901(a)(15) public-interest organization seeking no monetary relief, only an end to misleading conduct directed at D.C. consumers. TruGreen has removed a straightforward consumer-deception claim from Beyond Pesticides' chosen forum, D.C. Superior Court, which has the most experience handling CPPA actions. TruGreen's unfounded removal has (1) forced expense upon Beyond Pesticides, (2) delayed an action that aims to end ongoing conduct, and (3) chilled negotiations aimed at compromise to benefit D.C. consumers. Beyond Pesticides asks the Court, in deciding whether TruGreen had an objectively reasonable basis for removal, to consider the following:

- TruGreen has removed on the basis of aggregated relief exceeding $75,000, without any reference to 12 years of uncontroverted precedent from this District holding that such relief may ***not*** be aggregated;

- Even to establish the jurisdictional threshold on an impermissible aggregated basis, TruGreen produces virtually no evidence, and instead speculates on the cost of relief not sought in the Complaint;

- When it relies on a request for attorneys' fees to establish the jurisdictional threshold, TruGreen again fails to cite directly applicable precedent from this District; and

- By putting efforts at compromise before the Court, TruGreen deliberately conflates monetary relief with injunctive relief, despite no monetary relief being sought in the Complaint, and discourages talks for private settlement.

Because there was no objectively reasonable basis for removal of this private-attorney-general action, of which Beyond Pesticides informed TruGreen (Richman Decl. ¶ 7), Beyond Pesticides requests recovery of its costs associated with seeking remand of its CPPA claim to the Superior Court, according to the precedent of this District:

> Given the fact that the applicable case law has been well established, *see Breakman* and its progeny, cited *supra*, the fact that Plaintiffs' counsel initiated communications with Defendants' counsel to advise them of the relevant case law, the fact that Plaintiffs filed the FAC as private attorney generals and relied only on the DCCPA, the Court concludes that it is appropriate to grant the request for an award of costs.

*Stein*, 813 F. Supp. 2d at 74; *see also, e.g.*, *Burton v. Coburn*, No. No. 04-965 (RBW), 2005 U.S. Dist. LEXIS 4243, at **6-7 (D.D.C. Mar. 16, 2005) ("Here, the defendant's arguments for removal—that complete diversity exists—defies firmly established principles of law. . . . It is difficult for this Court to fathom that the defendants could have in good faith misconstrued the law in this area."); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 181 (D.D.C. 2003) (Urbina, J.) ("Courts uniformly have held that a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court. Indeed, if non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses incurred as a result of the removal.").

## CONCLUSION

For all the foregoing reasons, Beyond Pesticides requests an order remanding this action to the Superior Court of the District of Columbia and awarding its costs and expenses associated with seeking remand.

DATED: May 26, 2020                          Respectfully submitted,

                                             **RICHMAN LAW GROUP**

By:          Kim E. Richman (Bar No. 1022978)
             8 West 126th Street
             New York, New York 10027
             Telephone: (718) 878-4707
             Facsimile: (212) 687-8292
             krichman@richmanlawgroup.com

             *Attorneys for Plaintiff*

17

## **CERTIFICATE OF SERVICE**

This is to certify that on this 26th day of May 2020, I caused a copy of the foregoing to be served via ECF upon the Court and all counsel of record:

J. David Folds
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
901 K Street, NW, Suite 900
Washington, DC 20001
(202) 508-3441
Fax: (202) 220-2241
Email: dfolds@bakerdonelson.com

*Attorneys for Defendant*

/s/ *Kim E. Richman*
Kim E. Richman